# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00749-KDB-DCK

| | |
|---|---|
| LYNETTE MCCORKLE-TURNER, **Plaintiff,** v. CHARLOTTE MECKLENBURG SCHOOL SYSTEM, **Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 8). The Court has carefully considered this motion and the parties' respective briefs. For the reason briefly discussed below, the Court will **GRANT** the motion, dismiss Plaintiff's federal claims as untimely and decline jurisdiction over her state law claims.

In this action, Plaintiff alleges that she was subjected to unlawful employment discrimination and retaliation on account of her race and age. After receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), a plaintiff must file suit in federal court within 90 days. 42 USCS § 2000e-5. Similar timing requirements apply to claims under the ADEA. See 29 U.S.C. § 626. Plaintiff received her most recent right-to-sue letter from the EEOC on May 2, 2024. Doc. No. 1 at 30. Under federal law, Plaintiff was required to file her federal court complaint within 90 days of receiving that letter. Accordingly, the deadline for filing her Complaint was July 31, 2024. However, Plaintiff did not file her Complaint until September 30, 2025, more than one year after the 90-day deadline expired. This failure to file within the statutory 90-day period makes Plaintiff's claims untimely because the 90-day filing requirement

1

is a statutory prerequisite to suit that operates as a statute of limitations. Thus, this Court must dismiss Plaintiff's federal claims.

In addition to her claims under federal law, Plaintiff asserts one or more claims under North Carolina law. However, in the absence of a viable federal claim, the federal question jurisdiction on which this action depends is lacking and the court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *Mann v. Power Home Solar, LLC*, No. 521CV00166KDBDSC, 2022 WL 602196, at *2 (W.D.N.C. Feb. 28, 2022). In the exercise of its discretion, the Court will decline any further consideration of Plaintiff's state law claims, leaving the merits of those claims to be determined in state court.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED** as to Plaintiff's claims under federal law;

2. Further, the Court declines to exercise jurisdiction over Plaintiff's state law claims, which are **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 5, 2026

Kenneth D. Bell
United States District Judge