**3:25-CV-IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00749-KDB-DCK**

| | |
|---|---|
| LYNETTE MCCORKLE-TURNER,<br><br>**Plaintiff,**<br><br>v.<br><br>CHARLOTTE MECKLENBURG SCHOOL SYSTEM,<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Alter or Amend Judgment Doc. No. 20. On May 6, 2026, the Court dismissed this action on the grounds that Plaintiff's federal claims of unlawful employment discrimination are barred by the statute of limitations. *See* Doc. No. 18. Plaintiff's Rule 59(e) motion contends that the Court should reconsider that dismissal based on Plaintiff's filing of a state court action within the period of limitations. For the reasons discussed briefly below, the filing of the state court action does not make Plaintiff's federal claims in this action timely. Therefore, the motion will be denied.

The United States Court of Appeals for the Fourth Circuit has consistently recognized that a judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Rule 59(e) motions may not be used to relitigate old issues, or to raise arguments or present evidence that could have been raised prior to judgment. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Simple

1

disagreement does not support a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The Plaintiff has failed to show she meets any of the required circumstances for the Court to amend or alter the Judgment against her under Rule 59(e).

Plaintiff received her most recent right-to-sue letter from the EEOC on May 2, 2024. Doc. No. 1 at 30. Under federal law, Plaintiff was required to file her federal court complaint within 90 days of receiving that letter. 42 USCS § 2000e-5. Accordingly, the deadline for filing her Complaint was July 31, 2024. Plaintiff filed a state court action on June 28, 2024, within the period of limitations, but that action was dismissed on October 28, 2024, when the presiding Superior Court Judge granted Defendant Charlotte Mecklenburg School's Motion to Dismiss pursuant to Rule 12(b)(6).[1] *See McCorkle-Turner v. Charlotte-Mecklenburg Schools*, Case No. 24-cv-029874, Mecklenburg County Superior Court, Order dated October 28, 2024. Plaintiff filed her Complaint in this action on September 30, 2025, more than one year after the 90-day deadline expired. Doc. No. 1.

The running of the statute of limitations on Plaintiff's federal claims is not tolled by the filing of Plaintiff's state court action. In *Peay v. City of Asheville*, No. 1:25-CV-00021-MR-WCM, 2025 WL 3778993, at *3–6 (W.D.N.C. Sept. 12, 2025), *report and recommendation adopted*, No. 1:25-CV-00021-MR-WCM, 2025 WL 3777461 (W.D.N.C. Dec. 31, 2025), the Court carefully and thoroughly explained that North Carolina law does not limit the application of federal statutes of limitations to federal claims (citing numerous cases). Therefore, there is no "clear error or

---

[1] Plaintiff incorrectly characterizes this ruling as a dismissal without prejudice. Unless it states otherwise, which the Order dismissing Plaintiff's state court case does not, a dismissal pursuant to Rule 12(b)(6) is a ruling on the merits. *See* N.C. Gen. Stat. Ann. 1A-1, 41("Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, operates as an adjudication upon the merits."). An earlier dismissal on the merits of course raises res judicata issues in addition to the bar of the statute of limitations.

manifest injustice" in the Court's prior Order of dismissal, and Plaintiff's Rule 59 motion must be denied.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 20) is **DENIED;** and

2. The Clerk is directed to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 11, 2026

Kenneth D. Bell
United States District Judge

3